NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: : | **Hon. Dennis M. Cavanaugh** |
| MELINDA HANDEL, : | **OPINION** |
| Debtor. : | Bankruptcy Case No. 03-38931 (DHS) |
| BINDER AND BINDER, P.C., : | |
| Plaintiff-Appellant, : | Civil Action No. 2:07-CV-02588 (DMC) |
| v. : | |
| MELINDA HANDEL, AND JO ANNE B. : BARNHART, COMMISSIONER OF THE: SOCIAL SECURITY ADMINISTRATION,: | |
| Defendants-Apellees. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on appeal by Binder and Binder, P.C. ("Binder" or "Appellants") from the orders entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on October 4, 2005 and December 2, 2005, dismissing the adversary complaint as to the Commissioner of the Social Security Administration ("SSA") and determining that Binder did not have an enforceable attorney charging lien as to Debtor Melinda Handel's ("Handel") Social Security payments. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the judgments of the Bankruptcy Court on October 4, 2005 and December 2, 2005 are hereby **affirmed**.

I.  **B**ACKGROUND[1]

   A.  **Facts**

Binder and Handel entered into a Social Security Retainer Agreement on January 13, 1998 wherein the firm agreed to represent Handel in her social security disability action. Binder was ultimately successful in its representation of Handel, and she was awarded past-due benefits in the sum of $68,150 by Notice of Award dated March 6, 2002.

The Social Security Administration ("SSA") notified Binder that the firm was awarded $4,000 in fees as reasonable compensation for services rendered by Binder, which the SSA subsequently increased to $14,000. Despite the fact that the SSA recognized that Binder was entitled to $14,000 in fees, the SSA only retained $4,000 of the past-due benefit award. Handel subsequently filed a Chapter 7 petition and the debt owed to Binder was discharged. As such, Binder has only been paid $4,000 of the $14,000 attorneys' fee award at this time.

Binder's claim is secured by the SSA disability award. Pursuant to the SSA's Programs Operational Manual ("POMS") DG-98-050, the SSA cannot pay any further attorneys' fees upon notification of the commencement of a disability claimant's bankruptcy case unless the Bankruptcy Court issues an order providing that the attorneys' fees are exempt or not affected by the issuance of the discharge order.

   B.  **Procedural History**

Appellants commenced an adversary proceeding in Bankruptcy Court to challenge the non-receipt of attorneys' fees. The Bankruptcy Court entered orders on October 4, 2005 and December 2, 2005, dismissing the adversary complaint as to the Commissioner and determining

---

[1] The facts set forth in this Appeal are taken from the Bankruptcy Court Opinion, as well as the briefs filed by Appellants Binder and Binder, P.C., and Appellee Commissioner of the SSA.

that Plaintiff did not have an enforceable attorney charging lien as to Handel's Social Security payments. Appellants appealed the dismissal to this Court, which was initially dismissed in a decision dated December 5, 2006, because the contested decisions of the Bankruptcy Court were not yet ripe for review. Binder & Binder, P.C. v. Handel (In re Handel), 2006 U.S. Dist. LEXIS 91264, *2 (D.N.J. 2006). Appellants subsequently returned to the Bankruptcy Court to dismiss its remaining claims so that they can proceed with this appeal. By order entered April 11, 2007, the Bankruptcy Court dismissed the remaining claims in the case, and this renewed appeal followed. Appellants appeal the dismissal to this Court pursuant to 28 U.S.C. §158.

## II.    STANDARDS OF REVIEW

This Court has jurisdiction to hear final orders from bankruptcy judges. This jurisdiction is granted pursuant to 28 U.S.C. § 158(1), which states in relevant part that:

> The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders and decrees,
> of bankruptcy judges in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Id. This Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and conclusions of law under a *de novo* standard. See In re Mintze, 434 F.3d 222, 227 (3d Cir. 2006); see also In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989).

## III.   DISCUSSION

Under §406 of the Social Security Act, "whenever the [SSA], in any claim before the [SSA] for benefits ... makes a determination favorable to the claimant, the [SSA] shall ... fix ... a reasonable fee to compensate such attorney for the services performed by him in connection with

3

[the awarded] claim [for benefits]." 42 U.S.C. § 406(a)(1), (a)(2)(A). The Social Security Act also provides that "if the claimant is awarded 'past-due' benefits, the SSA 'shall ... certify for payment out of such past-due benefits ... to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits.'" 42 U.S.C. § 406(a)(4).

The crux of Appellants' entire claim on appeal is that §406 created a valid and enforceable attorneys' charging lien against Handel for the awarded, but unpaid, attorneys' fees, that this charging lien survived the issuance of the discharge in bankruptcy, and that the Commissioner of the SSA remains liable for the payment of that $10,000. In support of their position, Appellants cite to New York Judiciary Law §475 and N.J.S.A. 2A:13-5. New York Judiciary Law §475 provides:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, *the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim*, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

[N.Y. Judiciary Law §475 (LEXIS)] (emphasis added). N.J.S.A. 2A:13-5 provides:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, *the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation*, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the

4

> proceeds thereof in whose hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

N.J.S.A. 2A:13-5 (emphasis added). §407 of the Social Security Act, however, contains an anti-alienation provision, which provides:

> (a) The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or *other legal process*, or to the operation of any bankruptcy or insolvency law.
>
> (b) No other provision of law, enacted before, on, or after the date of the enactment of this section [enacted April 20, 1983], may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407 (emphasis added).  Section 407(a) of the Social Security "was promulgated to protect social security benefits from the reach of creditors." Ellender v. Schweiker, 575 F. Supp. 590, 599 (S.D.N.Y. 1983) (citing Neavear v. Schweiker, 674 F.2d. 1201, 1205-06 (7th Cir. 1982)). Congress' "clear and stringent interpretation of the prohibition on transfer or assignment of benefits in [section 407(b)] further compels [a court] to strictly interpret that clause to prohibit voluntary as well as involuntary transfers or assignments." Id.  This Court agrees with the Bankruptcy Court, that enforcement of Appellants' attorney charging lien would constitute a violation of §407(a) of the Social Security Act.

Appellants argue that §407(a) does not apply to the attorney charging lien as the phrase "other legal process" does not encompass it, and is therefore not prohibited.  The Supreme Court has

5

previously defined the contours of the phrase "other legal process" as follows:

> The statute... uses the term "other legal process" far more restrictively, for under the established interpretative canons of *noscitur a sociis* and *ejusdem generis*, "'where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'"
>
> Thus, "other legal process" should be understood to be process much like the processes of execution, levy, attachment, and garnishment, and at a minimum, would seem to require utilization of some judicial or quasi-judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability.

Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 384-385 (U.S. 2003). This Court finds no error in the Bankruptcy Court's determination that a common law property right/lien, like a levy or garnishment, needs judicial action to take effect. As such, the Appellants' alleged lien is subject to the anti-alienation clause and is therefore prohibited.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that the rulings of the Bankruptcy Court on October 4, 2005 and December 2, 2005 are hereby **affirmed**.

/s/Dennis M.Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      March 28, 2008
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File